## JARVIS *v.* LYNCH.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

EJECTMENT—SUFFICIENCY OF EVIDENCE.

    In an action to recover possession of real property, the deeds and devises through which plaintiff claimed title, subsequent to a deed made in 1740, described the property conveyed only in the most general terms; and nothing was shown to bring the premises sought to be recovered within the description of the deed of 1740. *Held,* that no judgment could be rendered for plaintiff.

Exceptions from circuit court, New York county.

Action by Nathaniel Jarvis, Jr., against Sarah Lynch. On the trial, at the conclusion of plaintiff's case, a motion by defendant to dismiss the complaint was granted, and plaintiff's exceptions were ordered to be heard in the first instance at the general term.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Anderson Price,* (*G. W. Cotterill* and *William B. Harrison,* of counsel,) for plaintiff. *Anderson & Howland,* (*Henry H. Anderson, Charles E. Miller,* and *George Welwood Murray,* of counsel,) for defendant.

VAN BRUNT, P. J. This action is one of ejectment to recover possession of premises consisting of a block of land in the city of New York, bounded by 155th and 156th streets and Eighth avenue, and the exterior street along the Harlem river. The plaintiff, to establish his cause of action, introduced evidence by which he claimed to show title in himself of the premises in question. Various objections were raised to the completeness of the evidence, which were substantially as follows: *First,* that the premises in question were between high and low water mark of the Harlem river, and did not pass by the grant to the freeholders and inhabitants of Harlem; *second,* that the plaintiff showed no record chain of title; *third,* that the deeds in question do not locate the property, or any part of it, so as to enable the court or jury to render judgment; *fourth,* that the plaintiff has shown no title to the property in question; and, *fifth,* that the plaintiff has shown no right of possession of the property in question.

A very interesting question is raised by the first ground upon which the motion to dismiss the complaint is founded. It is urged that the court of appeals in the case of *Mayor* v. *Hart,* 95 N. Y. 443, has decided this question adversely to the claim of the plaintiff. But we think upon an examination of that case, and of the proofs in the case at bar, it might very well be argued that the decision of that case is not conclusive upon the question as to whether the title to property, located as it is claimed the property in question was, did not pass by the grant to the freeholders and inhabitants of Harlem, in that it does not seem to have laid in the water-way, as the property under discussion in the case cited undoubtedly did. But it is useless to enter into a discussion of this point, as well as any of the others which are raised, for the reason that we think that the third ground is an insuperable bar, under the proof as it stands, to the plaintiff's recovery; and that is, that the deeds do not so locate the property, or any part of it, as to enable the court or jury to render judgment. We have examined the evidence, and re-examined it, to see if there was anything in question with that which seems to have been mentioned in the grants through which the plaintiff claims title. The latest description contained in the deeds or grants is that in the conveyance made by Barent Waldron to John Myer in August, 1740. It may be said that this is an erroneous statement, because John Myer, in 1743, conveyed the property to Abraham Myer by the same description, and Abraham Myer conveyed it to Arent Myer in March, 1746, by the same description. The plaintiff then derives title through the will of Arent Myer, who devised all his property to his wife and children. In 1794 these children conveyed to Aaron Bussing all the real estate which Arent Myer, deceased, devised to them. By the will of Aaron Bussing, in 1829, various pieces of property were specifically devised, and the balance was given in trust for his heirs, and these heirs, in 1861, united in a conveyance of this property of land under water not specially devised to the plaintiff in this suit. It will thus be seen that no attempt has been made to describe the property in question, except in the most general way, since the conveyance of Waldron to Myer. It was sought to supplement this evidence by proof that during the life-time of Aaron Bussing he had exercised certain rights of ownership over the land in question, such as cutting sedge, etc. But this evidence it is not claimed was sufficient to establish a title by adverse possession, but was only offered for the purpose of showing that the plaintiff or his grantors had been in possession of the property in question, and exercised rights of ownership thereon, in order to prove seisin of his grantors. Therefore, unless the chain of title is made out, and there was sufficient in the former deeds to show that the title to this property had vested in Aaron Bussing, these acts amounted to nothing; and, in order that we should determine as to whether the title to this property had vested in Aaron Bussing, it would be necessary to locate the property contained in the grants which have been previously mentioned. There is nothing whatever which brings the property involved in this litigation within the description or terms of the deed from Waldron to Myer. Under these circumstances, it cannot be said that any chain of title is made out, even to the freeholders and inhabitants of Harlem, upon the grant from whom the plaintiff relies. This want of definiteness of location seems to be at the foundation of the plaintiff's case, and, without some more accurate proof locating the property conveyed to Myer, we fail to see how the court or a jury can be called upon to speculate as to whether the property mentioned in the complaint may or may not have been included in that description. Various exceptions were taken to the admissibility of evidence during the trial, but none seems to have any particular bearing upon the question herein stated, and it does not seem to be necessary to discuss them at length. The exception should therefore be overruled, and judgment ordered for the defendant, with costs.